**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. TDC-26-159** |
| | * | |
| **MATTHEW BATHULA,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\***

**JOINT MOTION TO TOLL SPEEDY TRIAL
AND VACATE MOTIONS DEADLINE**

The United States, through undersigned counsel, and with consent of counsel for the defendant, respectfully requests that the Court (1) toll the Speedy Trial clock for the period between and including May 5, 2026 and July 10, 2026; and (2) vacate the current motions deadline of May 22, 2026. In support thereof, the parties state:

**Background**

1. On April 30, 2026, a federal grand jury returned a three-count Indictment against the Defendant, charging him in Counts One and Two with Unauthorized Access to Computers (18 U.S.C. §§ 1030(a)(5) and (a)(2)(C)), and in Count Three with Aggravated Identity Theft (18 U.S.C. § 1028A). ECF 1.

2. On May 1, 2026, Defendant surrendered to the United States Marshals Service, and had his initial appearance and arraignment before the Honorable Charles D. Austin, United States Magistrate Judge. Judge Austin set a motions deadline of May 22, 2026. Defendant was released by Judge Austin on an agreed-upon set of conditions.

3. Counsel for the government is in the process of providing voluminous amounts of discovery to counsel for the Defendant, in the form of numerous electronic accounts, and information obtained through various legal process, including search warrants.

4.      A proposed order to toll Speedy Trial from the date of the filing of this motion, to July 10, 2026 is submitted with this Consent Motion. The exclusion of time from the Speedy Trial Act clock is requested for the time to review and evaluate discovery, and for the parties to explore the potential for a pre-trial resolution. The requested exclusion of time is in the interests of justice to provide this time period for the evaluation of discovery and for the parties to explore a pre-trial resolution, and those interests outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7) (the Court may grant a continuance of a speedy trial when the ends of justice served by such action outweigh the best interest of the public and the defendant in a speedy trial).

5.      The discovery in this case is voluminous, in the form of numerous electronic accounts, the contents of electronic devices seized from the Defendant. Defense counsel cannot meaningfully prepare for trial or meaningfully engage in plea discussions until the review of discovery is complete. In light of the complexity of the case, the relatively large amount of discovery, and the possibility of plea negotiations, it is clear that the 70 days contemplated by the Speedy Trial Act for discovery, pre-trial motions, and trial preparation will be inadequate.  The parties also believe that the nature of the allegations, including the extensive time frame set forth as to Count One, finds that this case is sufficiently complex such that it would be unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits ordinarily established by the Speedy Trial Act, 18 U.S.C. § 3161(c)(1).

6.      For the foregoing reasons, the government requests that the Court find that the interests of justice require a reasonable period of time to be excluded from the Speedy Trial clock pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B) because it is in the interests of justice for defense counsel to have a period of time to receive and study the discovery in this complex case.

It is in the interests of justice for the parties to have beyond 70 days to review discovery, prepare the case for trial, and to engage in plea discussions with a view towards attempting to resolve this case without the need for trial.

7.      Counsel for the defendant, Paulette Pagán, Esq., has reviewed this filing, and consents to tolling of the Speedy Trial clock from May 5, 2026 and July 10, 2026, and vacating the current motions hearing deadline of May 22, 2026. A Proposed Order is provided.

Respectfully submitted,

Kelly O. Hates
United States Attorney

___/s/_____
Thomas M. Sullivan
Assistant United States Attorney
6500 Cherrywood Lane, Suite 200
Greenbelt, Maryland 20770
Phone: (301) 344-4433
Fax: (301) 344-4516

3